UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT F. SMICE, | ) | Civ. 11-4031-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING PETITION |
| | ) | |
| J. HOLLINGSWORTH, Warden, | ) | |
| Federal Prison Camp; and | ) | |
| TIM ALLEN; Food Service | ) | |
| Administrator; | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Robert F. Smice, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smice is incarcerated at the Federal Prison Camp in Yankton, South Dakota. Smice also moves for the appointment of counsel to represent him in this matter.

A prisoner seeking to challenge the execution of a sentence may pursue relief under 28 U.S.C. § 2241. *See Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002) (noting that claims challenging the execution of sentence are "correctly framed as § 2241 claims"). But Smice does not challenge the execution of his sentence. Rather, he seeks damages for an injury he received working in the prison food service department and argues he is scarred from "faulty equipment due to lack of proper maintenence [sic]." Docket 4 at ¶ 12. It is well established that "the federal habeas corpus statute can be used only to challenge the fact or duration of a prisoner's confinement, and not the

conditions of confinement." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Smice cannot seek damages for negligence through a § 2241 petition. "[H]abeas claims involve someone's liberty, rather than mere civil liability." *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073. Thus, Smice's petition is dismissed for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that Smice's petition is dismissed without prejudice and his motion for the appointment of counsel (Docket 5) is denied.

Dated April 20, 2011.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    CHIEF JUDGE